# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT MISSOURI
# ST. LOUIS DIVISION

NICOLE WARD, )
)
    Plaintiff, )
)
v. )   Case No. 4:21-cv-1047
)
CREDIT CONTROL, LLC, )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, NICOLE WARD ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, CREDIT CONTROL, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the City of Saint Paul, Ramsey County, State of Minnesota.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal place of business located in the City of Hazelwood, St. Louis County, State of Missouri.

11. Defendant is a business entity engaged in the collection of debt within the State of Missouri.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff originating with Credit One Bank.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

19. In or around May 2021, Defendant began attempting to collect the alleged debt from Plaintiff by telephone and mail.

20. Defendant calls Plaintiff on her telephone number at xxx-xxx-3284.

21. On or about May 21, 2021, Defendant sent a letter to Plaintiff in an attempt to collect the alleged debt. A true-and-correct copy of the letter is attached as Exhibit A.

22. In the above-mentioned letter:

    a. Defendant attempted to collect a debt not owed by Plaintiff.

    b. Defendant falsely represented that Plaintiff owes a debt.

    c. Defendant falsely represented that Plaintiff owes a debt in the amount of $681.82.

23. If at one point in time Plaintiff did owe the alleged debt, the debt was no longer owed when Defendant attempted to collect it from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Defendant violated the FDCPA based on the following:

    a. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    b. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that Plaintiff owes an alleged debt;

    c. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant attempted to collect a debt not owed by Plaintiff, when Defendant falsely represented that Plaintiff owes an alleged debt and when Defendant falsely represented that Plaintiff owes a debt in the amount of $681.82; and

    d. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, NICOLE WARD, respectfully requests judgment be entered against Defendant, CREDIT CONTROL, LLC, for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 23, 2021					By: /s/ Taylor L. Kosla_____
						Taylor L. Kosla (6327180IL)
						Agruss Law Firm
						4809 N Ravenswood Ave, Suite 419
						Chicago, IL 60640
						Tel: 312-794-7219
						taylor@agrusslawfirm.com